IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DRW-LLC, an Oregon Limited                    3:12-CV-01009-BR
Liability Company,
                                              OPINION AND ORDER
          Plaintiff,

v.

GOLDEN HARVEST HOLDINGS, INC.,
f/k/a DISABILITY ACCESS CONSULTANTS,
INC., a Nevada corporation; GOLDEN
HARVEST CORPORATION, f/k/a DISABILITY
ACCESS CORPORATION, a Nevada Corporation;
DISABILITY ACCESS CONSULTANTS, LLC, a
California limited liability company;
and BARBARA THORPE, an individual,

          Defendants.

DAVID P. SMITH
The Smith Firm, PC
1754 Willamette Falls Drive
West Linn, OR 97068
(503) 657-6550

          Attorneys for Plaintiff

DAVID R. GRIFFITH
Stewart, Humpherys, Molin & Griffith, LLP
3120 Cohasset Road, Suite 6
Chico, CA 95073
(530) 891-6111


1 - OPINION AND ORDER

**TRUNG D. TU**
**KATIE JO JOHNSON**
McEwen Gisvold LLP
1100 S.W. Sixth Ave., Suite 6
Portland, OR 97204
(503) 226-7321

> Attorneys for Defendants Barbara
> Thorpe and Disability Access
> Consultants, LLC,

**WILLIAM D. BALL**
621 S.W. Morrison Street
Suite 1250
Portland, OR 97205
(503) 477-8194

> Attorney for Defendant Disability Access
> Corporation

**BROWN, Judge.**

This matter comes before the Court on the Motion (#15) to
Dismiss for Lack of Personal Jurisdiction or Alternatively to
Change Venue filed by Defendants Disability Access Consultants
LLC (DA Consultants LLC) and Barbara Thorpe and joined by
Defendant Disability Access Corporation (DA Corporation) in its
Notice (#41) of Joinder,[1] the Evidentiary Objections (#44) filed

---

[1] During the course of this action Plaintiff DRW-LLC, Inc.,
filed a Second Amended Complaint in which it added, *inter alia,* a
new Defendant, Golden Harvest Holdings, Inc. (formerly known as
Disability Access Consultants, Inc.) and also changed the name of
existing Defendant DA Corporation to Golden Harvest Corporation.
The parties requested and the Court ordered that the pending
Motions should apply to the Second Amended Complaint.  Because
the parties refer to Defendants in their Motions as they were
previously known, the Court also does so in this Opinion and
Order to avoid confusion.

2 - OPINION AND ORDER

by Defendants Thorpe and DA Consultants LLC, and DRW-LLC's Motion (#46) to Strike the Supplemental Declaration of Defendant Barbara Thorpe.

On November 5, 2012, the Court heard oral argument on the pending Motions and continued the proceedings to March 6, 2013. The Court took the Motions under advisement on March 6, 2013.

For the reasons that follow, the Court **GRANTS in part** and **DENIES in part** the Motion (#15) to Dismiss for Lack of Personal Jurisdiction or to Change Venue filed by DA Consultants LLC and Barbara Thorpe and joined (#41) by DA Corporation.[2]  The Court **DENIES** the Evidentiary Objections (#44) filed by Thorpe and DA Consultants LLC in which they assert objections to portions of the Declaration of William Gollhofer and **DENIES** DRW-LLC's Motion (#46) to Strike the Supplemental Declaration of Barbara Thorpe.

## BACKGROUND

DRW-LLC, an Oregon limited-liability company, alleges in its Second Amended Complaint that all named Defendants failed to pay

---

[2] In its Order (#69) issued March 7, 2013, the Court recited the rulings it had made to date on the pending Motion. The Court, however, inadvertently stated it was inclined to conclude the Court had specific jurisdiction over Defendants Disability Access Consultants, Inc. (DA Consultants Inc.), and Barbara Thorpe when, in fact, the Court intended to refer to Defendants DA Consultants LLC and Thorpe.  Thereafter in an email dated March 19, 2013, counsel for Defendant DA Consultants LLC advised the Court that DA Consultants Inc. has not yet been served and, therefore, is not a party to this Motion.

3 - OPINION AND ORDER

DRW-LLC for field-inspection services that DRW-LLC rendered to them primarily in Southern California in February 2012.  DRW-LLC asserts claims against Defendants based on breach of contract, promissory estoppel, quantum meruit, unjust enrichment, common-law indemnity, and fraud.

On July 4, 2012, DA Consultants LLC and Thorpe filed their Motion to Dismiss on the ground that the Court lacked personal jurisdiction over these Defendants.  In the alternative, DA Consultants LLC and Thorpe moved for a change of venue.  On July 27, 2012, DA Corporation joined in the Motion.

As noted, the Court initially heard oral argument on November 5, 2012, regarding Defendants'[3] Motion to Dismiss or Alternatively to Change Venue.  The Court found the factual record was inadequate and directed the parties to participate in limited jurisdictional discovery, to file a Joint Statement of agreed jurisdictional facts, and to file any supplemental factual statements.  After several continuances requested by the parties, oral argument was ultimately completed on March 6, 2013.

At the outset of the March 6, 2013, hearing the Court advised the parties that the Court would exercise its discretion by determining whether Plaintiff had made a sufficient *prima facie* showing of jurisdictional facts on the pending Motion to

---

[3] For purposes of the Motion presently before the Court, "Defendants" will now refer only to DA Consultants LLC, Thorpe, and DA Corporation.

Dismiss or Alternatively to Change Venue and would consider those facts presented by the parties that the Court deemed admissible for purposes of personal jurisdiction and/or proper venue. *See Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2007).

## STANDARDS

### I.  Motion to Dismiss for Lack of Personal Jurisdiction.

When "the existence of personal jurisdiction is challenged and the defendant appears specially to contest its presence in the jurisdiction, the plaintiff has the burden to come forward with some evidence to establish jurisdiction." *Dist. Council No. 16 of Int'l Union of Painters & Allied Trades, Glaziers, Architectural Metal & Glass Workers, Local 1621 v. B & B Glass, Inc.*, 510 F.3d 851, 855 (9th Cir. 2007)(citing *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004)). "The court may consider evidence presented in affidavits to assist it in its determination and may order discovery on the jurisdictional issues." *Doe v. Unocal Corp.*, 248 F.3d at 922. *See also Data Disc.*, *Inc. v. Sys. Tech. Assoc., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1987).

When, as here, the court rules on a defendant's motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, the plaintiff's version of the facts, unless directly contravened, is taken as true, and the court must

resolve factual conflicts in the parties' affidavits in the plaintiff's favor. *Harris Rutsky & Co. Ins. Serv., Inc. v. Bell & Clements LTD.*, 328 F.3d 1122, 1129 (9th Cir. 2003).

## II.   **Change of Venue.**

Under 28 U.S.C. § 1404(a), the district court may transfer any civil action "[f]or the convenience of the parties and witnesses, in the interests of justice." The forum to which transfer of venue is sought must be a district court where the case "might have been brought." *Id*. The court has discretion "to adjudicate motions to transfer according to 'individualized, case-by-case consideration of convenience and fairness.'" *Jones v. GNC Franchising, I*nc., 211 F.2d 495, 498 (9th Cir. 2000) (citation omitted). Among the factors the court must balance when considering a motion to transfer are the plaintiff's choice of forum, the parties' contacts with the forum, the availability of compulsory process for unwilling witnesses, the relative ease of access to sources of proof such as witnesses and documents, and judicial economy. *Id.* at 498-99.

## DA CONSULTANTS LLC AND THORPE'S
## EVIDENTIARY OBJECTIONS (#44)

In support of their pending Motion to Dismiss or Alternatively to Change Venue, Thorpe and DA Consultants LLC filed Evidentiary Objections (#44) to parts of the Declaration of William Gollhofer (the owner of DRW-LLC) that was filed in

support of DRW-LLC's Response to Defendants' Motion.  DRW-LLC, in turn, filed a Motion (#46) to Strike (#46) the Declaration of Defendant Barbara Thorpe filed in support of Defendants' Motion.

The parties had the opportunity to present and to argue all of their Objections at oral argument.  The Court has reviewed the parties' Evidentiary Objections and Motion to Strike and considers only that evidence that is admissible for purposes of determining whether this Court has personal jurisdiction over DA Consultants LLC, Thorpe, and DA Corporation and/or whether venue is proper in the District of Oregon.

## FINDINGS OF FACT

Based on the parties' written memoranda, exhibits attached thereto, admissible evidence in the Declarations of the parties, and the arguments of counsel during the *prima facie* hearing, the Court finds the following facts by a preponderance of the evidence for purposes of determining whether DRW-LLC has established a *prima facie* basis for the Court to exercise personal jurisdiction in this matter and/or determining whether venue is proper in the District of Oregon:

1.  DRW-LLC is an Oregon limited-liability company with its principal place of business and principal member located in Portland, Oregon.

2.  William Gollhofer is the founder and sole member of DRW-

7 - OPINION AND ORDER

LLC and at all material times has lived in and maintained his principal place of business in the Portland, Oregon metropolitan area.

3. "DAC, Inc.," was an Oregon corporation from 1985 until it was involuntarily dissolved in 1999.

4. DA Corporation is a Nevada corporation that was incorporated in Nevada in 2004.

5. DA Consultants Inc. is a Nevada corporation that was incorporated in Nevada in 2007 and is a wholly-owned subsidiary of DA Corporation.[4]

6. DA Consultants LLC is a California company formed in September 2011.

7. In 2011 Barbara Thorpe was a resident of the State of California, a managing member of DA Consultants LLC, a minority shareholder of DA Corporation, and an officer of DA Consultants, Inc.; Michael Boga and Blake Thorpe were the other members of DA Consultants LLC, and both of them were residents of the State of Florida.

8. In the summer and fall of 2011 DRW-LLC was performing work for the Los Angeles Unified School District (LAUSD). During the course of that work, LAUSD requested DRW-LLC to use a

---

[4] Defendants assert Defendant DA Consultants Inc. has not yet been served with the Complaint filed in this matter, and the Court's docket does not reflect DA Consultants Inc. has filed an appearance in this matter.

8 - OPINION AND ORDER

software application that was being developed by Barbara Thorpe. At that time DRW-LLC maintained its principal place of business in Portland, Oregon.

9.  While he was in Los Angeles, William Gollhofer provided his business card to Barbara Thorpe.  The card identified Gollhofer's association with DRW-LLC and indicated DRW-LLC's place of business was in Portland, Oregon.

10.  In the fall of 2011 Thorpe and DA Corporation trained DRW-LLC's employees in Los Angeles in the use of DA Corporation's software.  After the training was completed, Thorpe and DA Corporation hired DRW-LLC's employees to perform inspections on various projects.

11.  In the fall and winter of 2011-12 Thorpe and DA Corporation entered into contracts with DRW-LLC that provided DRW-LLC would perform similar services for other entities, including at least one restaurant located in Oregon.

12.  Thorpe and DA Corporation were aware that Gollhofer was an Oregonian and that DRW-LLC was an Oregon company that was prepared to make its employees available to provide services to Defendants and that DRW-LLC would suffer adverse consequences in Oregon if those Defendants failed to pay the amount owed under the contract.

13.  The contract with DRW-LLC did not involve a single or isolated transaction but an ongoing obligation by Thorpe and DA

Corporation to pay for the services provided by DRW-LLC.

14.  William Gollhofer supervised the DRW-LLC employees performing the inspections.  One employee, Santana, traveled to Oregon and performed an inspection at a Taco Bell restaurant in Gladstone.  Part of the damages sought by DRW-LLC in this case arises from the alleged failure of Defendants to pay DRW-LLC for Santana's services.

15.  All of the employees who worked for DRW-LLC on the project in Los Angeles and the employee who worked at the Taco Bell project in Oregon were paid by DRW-LLC from Oregon, but DRW-LLC has not been reimbursed by any Defendant for DRW-LLC's services.

## PERSONAL JURISDICTION

DA Consultants LLC and Thorpe joined by DA Corporation contend there is an insufficient basis for the Court to exercise personal jurisdiction over them based on either general or specific jurisdiction.  In their Motion they assert Gollhover overstates in his Declaration Defendants' presence in Oregon.  In particular, Defendants argue they do not have any "relevant connection" to Oregon because Thorpe is a California resident, DA Consultants LLC members are residents of California or Florida, and DA Corporation is a Nevada corporation with its principal place of business in Las Vegas, Nevada.

According to DRW-LLC, however, each of these Defendants has had sufficient continuous and systematic business contacts with Oregon to establish the Court's authority to exercise general jurisdiction over each of them.  Moreover, DRW-LLC also contends the contacts of these Defendants are sufficient to establish specific jurisdiction over them because they purposefully directed their business activities to DRW-LLC, a business entity they knew to be a resident of the State of Oregon.  Indeed, DRW-LLC points out that as a result of Defendants' alleged failure to pay DRW-LLC the amount due and owing on the contract between the parties, DRW-LLC is allegedly owed more than $100,000.

**A.  General Jurisdiction as to all Defendants.**

1.  <u>Standards</u>.

A district court has general jurisdiction over the defendant if the plaintiff shows the defendant has "substantial" or "continuous and systematic" contacts with the forum state. *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1171 (9th Cir. 2006)(quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 (1984)).  This standard is "fairly high" and requires the contacts to be the kind that approximate physical presence within the state.  *Gator.Com Corp. v. L.L. Bean, Inc.*, 341 F.3d 1072, 1076 (9th Cir. 2003)(internal citations omitted).  Pertinent factors are whether the defendant

11 - OPINION AND ORDER

"makes sales, solicits or engages in business, serves the state's markets, designates an agent for service of process, holds a license, has employees, or is incorporated [in the state]." *Id*. at 1076-77 (quotation omitted).

    2.  <u>Conclusion</u>.

    Based on the Court's Findings of Fact for purposes of this jurisdictional analysis, the Court concludes there is not any basis for the Court to find that DA Consultants LLC, Thorpe, or DA Corporation had substantial, continuous, or systematic contacts or a physical presence in the State of Oregon sufficient to establish the Court's general jurisdiction over them.

**B.  Specific Jurisdiction over Defendants Thorpe, DA Corporation, and DA Consultants LLC.**

    1.  <u>Standards</u>.

    If the district court does not have general jurisdiction over a defendant, the court may have specific jurisdiction "if the controversy [was] sufficiently related to or arose out of the defendants' contacts with the forum." *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270 (9th Cir. 1995). The Ninth Circuit applies a three-part test to determine whether a district court constitutionally may exercise specific jurisdiction over a nonresident defendant:

> (1) The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its

> laws;
> (2) the claim must be one which arises out of or
> results from the defendant's forum-related activities;
> and
> (3) [the court's] exercise of jurisdiction must be
> reasonable.

*Boschetto v. Hansing,* 539 F.3d 1011, 1016 (9th Cir. 2008).

When determining whether a particular claim arises out of forum-related activities, the Ninth Circuit applies a "but for" test. *Ballard v. Savage,* 65 F.3d 1495, 1500 (9th Cir. 1995). The mere existence of a contract with a forum's resident, however, is insufficient to create personal jurisdiction over a nonresident. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985). To determine whether a defendant in a contract claim purposefully established minimum contacts in the forum, the court must examine factors such as "prior negotiations and contemplated future consequences along with the terms of the contract and the parties' course of dealing." *Id*. at 479.

2. <u>Analysis.</u>

As noted, these Defendants assert none of them has any relevant connection to the State of Oregon and that they are residents and citizens of California, Nevada, or Florida. Defendants emphasize none of them has ever registered to do business in Oregon, and only one of the third-party agencies to which DRW-LLC provided services in conjunction with its business relationship with Defendants is located in Oregon. Accordingly, Defendants contend their business transactions

13 - OPINION AND ORDER

with DRW-LLC did not involve sufficient contacts with Oregon
to justify the Court's exercise of specific jurisdiction over
them.  *See Boschetto v. Hansing,* 539 F.3d at 1017 ("[A]n
individual's contract with an out-of-state party alone [cannot]
automatically establish sufficient contacts to support
personal jurisdiction.")(internal quotation marks and citations
omitted).

The Court agrees with DA Consultants LLC that it does
not have sufficient contacts with the State of Oregon to allow
the Court to exercise specific jurisdiction over it.

The Court, however, finds Thorpe and DA Corporation had
specific knowledge that they were dealing with an Oregon company
that was prepared to make its employees available to provide
services to those Defendants and that those Defendants also knew
DRW-LLC would suffer adverse consequences in Oregon if they
failed to pay the amount owed under the contract.  These facts
are sufficient to meet the first part of the 3-part specific
jurisdiction test.  Plaintiff's claim also arises in part from
work performed under the contract in Oregon and from purposeful
and significant consequences to an Oregon resident, thereby
meeting the second part of the 3-part specific jurisdiction test.
Finally, Defendants have failed to make any "compelling case"
that the exercise of jurisdiction over Thorpe and DA Corporation
in Oregon would not be reasonable, thereby meeting the third part

14 - OPINION AND ORDER

of the 3-part test.

       3.  <u>Conclusion of Law</u>.

       For purposes of this *prima facie* proceeding, the Court reaches the following conclusions of law:

       Because Thorpe and DA Corporation purposefully availed themselves of the opportunity to do business with DRW-LLC in Oregon and because their alleged breach of their contract with DRW-LLC did not involve a single or isolated transaction but an ongoing obligation by Thorpe and DA Corporation to pay for the services provided by DRW-LLC, the Court concludes Thorpe and DA Corporation have sufficient minimum contacts with the State of Oregon related to the transactions at issue to establish the Court's specific jurisdiction over them.  DA Consultants LLC, however, did not have sufficient minimum contacts with the State of Oregon to establish the Court's exercise of specific jurisdiction over it.

    **C.**  **Pendent Personal Jurisdiction as to DA Consultants Inc. and DA Consultants LLC.**

       At the conclusion of the hearing the Court directed the parties to submit supplemental memoranda addressing whether the Court may, and if so, whether it should, exercise pendent personal jurisdiction over DA Consultants LLC and DA Consultants Inc.

       1.  <u>Standards</u>.

       Under the doctrine of pendent personal jurisdiction

15 - OPINION AND ORDER

> a court may assert pendent personal
> jurisdiction over a defendant *with
> respect to a claim for which there is no
> independent basis of personal juris-
> diction* so long as it arises out of a
> common nucleus of operative facts *with a
> claim in the same suit over which the court
> does have personal jurisdiction*.
>
>                 * * *
>
> When a defendant *must appear in a forum
> to defend against one claim, it is often
> reasonable to compel that defendant to
> answer other claims in the same suit
> arising out of a common nucleus of
> operative facts*. We believe that
> judicial economy, avoidance of piecemeal
> litigation, and overall convenience
> of the parties is best served by adopting
> this doctrine.

*Action Embroidery Corp. v. Atlantic Embroidery, Inc.,* 368 F.3d
1174, 1180 (9th Cir. 2004)(emphasis added). "The facts
underlying a particular claim need not exactly track the facts
underlying the claims for which there is personal jurisdiction,
so long as the core facts are the same." *Fiore v. Walden,* 688
F.3d 558, 586 (9th Cir. 2012)(citing *CE Distribution, LLC v. New
Sensor Corp.,* 380 F.3d 1107, 1113 (9th Cir 2004)).

    2.  <u>Analysis</u>.

    DRW-LLC argues the Court has discretion to exercise
pendent personal jurisdiction over DA Consultants LLC and DA
Consultants Inc. because the Court has specific personal
jurisdiction over DA Corporation and Thorpe for the same claims
that are alleged against DA Consultants LLC and DA Consultants

16 - OPINION AND ORDER

Inc.  The Court disagrees.

First, the Court does not have jurisdiction to enter any Order as to DA Consultants Inc. because that entity has not been served and has not yet appeared as a party in this case. The Court also may not assert pendent personal jurisdiction over DA Consultants LLC because there is not another related claim in this case pending against DA Consultants LLC over which this Court has personal jurisdiction.  The fact that the Court has found it has specific jurisdiction over Thorpe and DA Corporation as to DRW-LLC's claims against them does not provide a basis for the Court to assert pendent personal jurisdiction over DA Consultants LLC.

3.  <u>Conclusion</u>.

For these reasons, the Court concludes it does not have pendent personal jurisdiction over DA Consultants LLC arising from the claims asserted by DRW-LLC against Barbara Thorpe and DA Corporation, and, at present, DA Corporation Inc. is not a party to this Motion.

**<u>ALTERNATIVE MOTION TO CHANGE VENUE</u>**

Thorpe and DA Corporation contend even if they are subject to this Court's personal jurisdiction, the Court should order the venue of this case transferred to the Eastern District of California, Sacramento Division, for the convenience of the

parties and witnesses and because this case should have been
brought in that District in the first place.  *See* 28 U.S.C.
§§ 1391(a), 1404(a), 1406(a).

I.    **Standards**.

    **A.   28 U.S.C. § 1391(a).**

    "When jurisdiction is based on diversity, a civil action may
be brought only in the district where the defendant resides or
the district in which a "substantial part of the events or
omissions giving rise to the claim occurred. . . ."  28 U.S.C.
§ 1391(a).

    **B.   28 U.S.C. § 1404(a).**

    Transfers of venue between the federal courts is governed by
28 U.S.C. § 1404(a), which provides:  "For the convenience of
parties and witnesses, in the interest of justice, a district
court may transfer any civil action to any other district or
division where it might have been brought."

    "This statute partially displaces the common law doctrine of
*forum non conveniens*.  Nonetheless, *forum non conveniens*
considerations are helpful in deciding a § 1404 transfer motion."
*Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843
(9th Cir. 1986)(citations omitted).  A motion to transfer is
within the discretion of the district court and depends on "a
case-by-case consideration of convenience and fairness." *Jones
v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).

18 – OPINION AND ORDER

When deciding a motion to transfer venue, a court "must balance the preference accorded plaintiff's choice of forum with the burden of litigating in an inconvenient forum." *Id.  See also Creative Tech., Ltd. v. Aztech Sys.*, 61 F.3d 696, 703 (9th Cir. 1995).  Traditionally courts have recognized a "strong presumption" in favor of a plaintiff's choice of forum and placed the burden on the moving defendant to "make a strong showing of inconvenience" in order to upset the plaintiff's choice of forum. *Id.*

In light of the foregoing, the court also must weigh relevant private- and public-interest factors when considering a motion to transfer.

    1.  <u>Private-Interest Factors</u>.

The private-interest factors the court must consider include:  "(1) relative ease of access to sources of proof; (2) the availability of compulsory process for attendance of unwilling witnesses, and [the] cost of obtaining willing witnesses; (3) the possibility of viewing subject premises; [and] (4) all other factors that render trial of the case expeditious and inexpensive." *Id.*

    2.  <u>Public-Interest Factors</u>.

The public-interest factors to be considered by the Court must include:  "(1) administrative difficulties flowing from court congestion; (2) imposition of jury duty on the people

19 – OPINION AND ORDER

of a community that has no relation to the litigation; (3) local interest in having localized controversies decided at home; (4) the interest in having a diversity case tried in a forum familiar with the law that governs the action; [and] (5) the avoidance of unnecessary problems in conflicts of law." *Id.* at 703-04.

### C.  28 U.S.C. § 1406(a).

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

## II.  __Analysis__.

Defendants assert venue would be more convenient in California because the contract and the services performed under the contract at issue were performed in California, the majority of witnesses are located in California, the subject of this litigation was negotiated and performed in California, and DRW-LLC is the "only party who has any connection to the State of Oregon."

According to DRW-LLC, however, Defendants do not identify which witnesses have relevant testimony and whether those witnesses live in California.  DRW-LLC also points out that

Thorpe lives in Nevada rather than California and that DRW-LLC has "many Oregon-based witnesses."

As noted at the hearing, the Court "is not impressed that this is a case where a change of venue should be ordered," particularly in light of the deference owed to DRW-LLC's choice of forum.  Moreover, the collection of evidence can be managed in a way that is not prejudicial to any party.

Accordingly, on this record the Court concludes these Defendants have failed to establish good reason for the Court not to defer to DRW-LLC's choice of venue in this matter.

<u>**CONCLUSION**</u>

For these reasons, the Court **GRANTS in part** and **DENIES in part** the Motion (#15) to Dismiss for Lack of Personal Jurisdiction or Alternatively to Change Venue filed by Defendants Disability Access Consultants LLC and Barbara Thorpe and joined (#41) by Defendant Disability Access Corporation; **DENIES** the Evidentiary Objections (#44) filed by Defendants Thorpe and Disability Access Consultants LLC in which they assert objections to portions of the Declaration of William Gollhofer; and **DENIES** Plaintiff DRW-LLC's Motion (#46) to Strike the Supplemental

21 - OPINION AND ORDER

Declaration of Defendant Barbara Thorpe.

        IT IS SO ORDERED.

        DATED this 28th day of March, 2013.


                                        /s/ Anna J. Brown
                                        _____
                                        ANNA J. BROWN
                                        United States District

22 - OPINION AND ORDER